Matter of Parsons v Cromedy (2020 NY Slip Op 02795)





Matter of Parsons v Cromedy


2020 NY Slip Op 02795


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-09590
 (Docket No. V-22945-18)

[*1]In the Matter of Layvette Parsons, appellant,
v
Tyrone Cromedy, respondent, Ernestine Burgess, respondent-respondent.


Nestor Soto, Astoria, NY, for appellant.
Hector L. Santiago, Kew Gardens, NY, for respondent-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of dismissal of the Family Court, Queens County (Emily Ruben, J.), dated June 27, 2019. The order of dismissal, upon an order of the same court, also dated June 27, 2019, granting the motion of the attorney for the child to dismiss the mother's petition on the ground that the court lacked jurisdiction, dismissed the petition.
ORDERED that the order of dismissal is affirmed, without costs or disbursements.
The subject child was born in September of 2011. In September 2013, the Administration for Children's Services commenced a proceeding pursuant to Family Court Act article 10 alleging that the mother neglected her three children, including the subject child. In February 2014, the mother submitted to the jurisdiction of the Family Court and a fact-finding order of neglect was entered. In May 2016, the respondent Ernestine Burgess (hereinafter the respondent), the subject child's paternal great grandmother, was granted kinship guardianship over the child. In November 2018, the mother commenced this proceeding seeking custody of the child. The attorney for the child moved to dismiss the petition on the ground that the court lacked jurisdiction. In an order dated June 27, 2019, the court granted the attorney for the child's motion, determining that it lacked jurisdiction on the ground that the child had resided with the respondent in South Carolina since July 2017. In an order of dismissal, also dated June 27, 2019, the court dismissed the petition. The mother appeals.
The Family Court made previous custody determinations in relation to the child in conformity with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act and, therefore, would retain exclusive, continuing jurisdiction unless divested pursuant to Domestic Relations Law § 76-a(1) (see Matter of Brinkley v Flood, 173 AD3d 858). Here, it is undisputed that the child and the respondent moved to South Carolina approximately 16 months prior to the commencement of this custody proceeding, that the child had not maintained a significant connection with New York, and that substantial evidence concerning the child's present and future welfare was [*2]no longer available in New York (see Domestic Relations Law § 76-a[1][a]). Thus, the Family Court lacked exclusive, continuing jurisdiction, and the petition should have been dismissed on that ground.
In light of the foregoing, we need not address the parties' remaining contentions.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court