Matter of Elhalwany v Martinez
2026 NY Slip Op 03797
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Deborah Elhalwany, appellant,
v
Teresa Martinez, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-00744, (Docket No. V-7320-24)
Betsy Barros, J.P.
Cheryl E. Chambers
Laurence L. Love
James P. McCormack, JJ.

Gloria Marchetti-Bruck, White Plains, NY, for appellant.
Sanchia S. Palmer, White Plains, NY, for respondent.
Karen M. Jansen, White Plains, NY, attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated December 17, 2024. The order, insofar as appealed from, upon renewal and reargument, vacated an order of the same court dated November 4, 2024, denying the maternal aunt's motion to dismiss the paternal grandmother's petition pursuant to Domestic Relations Law § 72 for visitation with the subject child, and thereupon, in effect, granted the maternal aunt's prior motion and dismissed the proceeding.
ORDERED that the order dated December 17, 2024, is affirmed insofar as appealed from, without costs or disbursements.
The petitioner (hereinafter the grandmother) is the paternal grandmother of the subject child. The respondent (hereinafter the aunt) is the maternal aunt of the child. In October 2022, the Family Court awarded the aunt temporary custody of the child, and the child was relocated from New York to Florida to live with the aunt. In September 2023, the aunt was awarded sole physical and legal custody of the child, and they continued to reside in Florida.
In August 2024, the grandmother commenced this proceeding pursuant to Domestic Relations Law § 72(1) seeking visitation with the child. The aunt moved pursuant to Domestic Relations Law § 76-f to dismiss the petition on the ground of forum non conveniens and, in effect, pursuant to Domestic Relations Law § 76-a(1)(a) on the ground that the Family Court no longer had exclusive, continuing jurisdiction over the matter (hereinafter the motion to dismiss). In an order dated November 4, 2024, the Family Court denied the aunt's motion to dismiss. Thereafter, the aunt moved for leave to renew and reargue the motion to dismiss and, upon renewal and reargument, to vacate the order dated November 4, 2024, and grant the motion to dismiss. At a court appearance on December 9, 2024, the court stated, inter alia, that it was granting the motion to dismiss based upon the impending retirement of the assigned judge, who would only be in court for "seven more days" and that it "would not have granted the motion but for the fact that I am not going to be here." In an order dated December 17, 2024, the court, among other things, upon renewal and reargument, vacated the November 4, 2024 order, and thereupon, in effect, granted the motion to dismiss and dismissed the proceeding. The grandmother appeals. We affirm, albeit on different [*2]grounds than those relied upon by the court.
Contrary to the determination of the Family Court, the fact that the assigned judge was retiring in seven days was not grounds, upon renewal and reargument, to vacate the November 4, 2024 order and thereupon, in effect, grant the motion to dismiss and dismiss the proceeding (see Domestic Relations Law § 76-a). Nonetheless, the order dated December 17, 2024, should be affirmed insofar as appealed from. The court made previous custody determinations in relation to the child in conformity with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law, and, therefore, would retain exclusive, continuing jurisdiction unless divested pursuant to Domestic Relations Law § 76-a(1) (see Matter of Parsons v Cromedy, 183 AD3d 745; Matter of Brinkley v Flood, 173 AD3d 858). Here, it is undisputed that the child and the aunt moved to Florida approximately two years prior to the commencement of this proceeding, that the child had not maintained a significant connection with New York, and that substantial evidence concerning the child's present and future welfare was no longer available in New York (see Domestic Relations Law § 76-a[1][a]). Thus, the court lacked exclusive, continuing jurisdiction, and, upon renewal and reargument, the court should have granted the motion to dismiss on that ground.
In light of the foregoing, we need not address the parties' remaining contentions.
BARROS, J.P., CHAMBERS, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court